

FILED
IN OPEN COURT

JUN 1 4 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cr- |
| | ) | |
| ANTHONY CARL EDWARDS MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant, ANTHONY CARL EDWARDS MARTIN, stipulate

that the allegations in the Criminal Information and the following facts are true and correct, and

that had the matter gone to trial, the United States would have proven them beyond a reasonable

doubt with admissible and credible evidence:

1.      From on or about March 1, 2017, to on or about March 9, 2017, in Alexandria,

Virginia, within the Eastern District of Virginia, and elsewhere, MARTIN did unlawfully and

knowingly use any facility and means of interstate and foreign commerce to persuade, induce,

entice, and coerce a female individual who had not attained the age of 18 years (hereinafter, the

"minor victim"), to engage in any sexual activity for which any person can be charged with a

criminal offense, including Section 18.2-371 of the Code of Virginia (prohibiting any person 18

years of age or older from engaging in sexual intercourse with a non-spouse child 15 years of age

or older).

2.      In or around late 2016, MARTIN began communicating with the minor victim

using Kik Messenger ("Kik"), an instant messaging mobile application. The minor victim, who

was in fact 15 years old at this time, told MARTIN that she was 16 years old. MARTIN, who was

in fact 26 years old, told the minor victim that he was 19 years old.

3.      Over the course of approximately two months thereafter, MARTIN and the minor victim communicated with one another via telephonic conversations, text messaging, live video chatting, and messaging using, among other applications, Kik.  During their conversations, MARTIN and the minor victim talked about sex.  Additionally, MARTIN sent photographs of his penis to the minor victim, and, at MARTIN's request, the minor victim sent him naked photographs of herself, to include her breasts and vagina.

4.      On March 1, 2017, the minor victim, using Kik, asked MARTIN when he was going to come get her.  They proceeded to discuss MARTIN traveling from Fairborn, Ohio, where he was living, to Alexandria, Virginia, where the minor victim was living.  Their Kik conversations included discussion about having sexual intercourse upon meeting for the first time.

5.      On March 2, 2017, the minor victim sent MARTIN, at his request, photographs of her exposed breasts and labia.

6.      On March 3, 2017, MARTIN, accompanied by another adult male, began driving from Ohio to Virginia to meet the minor victim.

7.      In the early morning hours of March 4, 2017, MARTIN met the minor victim in a room at the Quality Inn Mount Vernon located in Alexandria, Virginia, where the two proceeded to have oral and vaginal sex.

8.      After she had sex with MARTIN, the minor victim willingly left the hotel room and, along with MARTIN, entered a vehicle being driven by the adult male who had accompanied MARTIN on his trip from Ohio.  Thereafter, the three of them drove back to Ohio.

9.      There, MARTIN used Kik to ask the minor victim to send him explicit photographs and videos.  On March 9, 2017, the minor victim complied, using Kik to transmit to

MARTIN a photograph of her exposed breasts, a photograph of her exposed labia, and a video of her spreading her labia with her fingers and inserting a finger into her vagina.

10.     On June 19, 2017, MARTIN and the minor victim met in a room at a Super 8 motel in Alexandria, Virginia. There, they had vaginal intercourse, a portion of which MARTIN filmed using his cellular phone. The minor victim did not consent to being videotaped.

11.     The actions of MARTIN, as recounted above, were in all respects knowing, voluntary, and intentional, and were not committed by mistake, accident or other innocent reason.

12.     This Statement of Facts includes those facts necessary to support the plea agreement between MARTIN and the United States. MARTIN acknowledges that the foregoing facts do not describe all of his conduct relating to the offenses charged in this case and do not identify all of the persons with whom he might have engaged in illegal activities.

13.     The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against MARTIN regardless of whether the plea agreement is presented to or accepted by a court. Moreover, MARTIN waives any rights that he may have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     Alexander E. Blanchard
Kellen S. Dwyer
Assistant United States Attorneys

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the United States and me, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

ANTHONY CARL EDWARDS MARTIN
Defendant

I am ANTHONY CARL EDWARDS MARTIN's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Elizabeth A. Mullin, Esq.
Counsel for the Defendant

4